NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE A. FIERRO, *Petitioner*.

No. 1 CA-CR 19-0402 PRPC

FILED 3-24-2020

Petition for Review from the Superior Court in Maricopa County
No. CR152137
No. CR153626
The Honorable Peter A. Thompson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Jose A. Fierro, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz and Judge David B. Gass delivered the decision of the Court.

**PER CURIAM**:

¶1        Jose A. Fierro (Fierro) petitions this court for review from the dismissal of his request for post-conviction relief under Arizona Rule of Criminal Procedure 32.[1] This court considered the petition for review and, for the reasons stated, grants review and denies relief.

¶2        A jury found Fierro guilty of first-degree murder and first-degree burglary (CR153626), and not guilty of attempted first-degree murder (CR152137). The Honorable Stephen Gerst presided over both trials. Fierro was originally sentenced to death for the murder and life imprisonment without the possibility of parole for 25 years for the burglary. *See State v. Fierro*, 166 Ariz. 539, 542 (1990). The Arizona Supreme Court subsequently modified the death sentence to life imprisonment with parole eligibility after 25 years, running consecutively with the life sentence for burglary. *Id.* at 557. This petition is Fierro's sixth Rule 32 proceeding in CR153626 and his third in CR152137.

¶3        Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Fierro bears the burden of showing the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶4        In his petition, Fierro argues Judge Gerst did not have the authority to oversee his case. Specifically, Fierro alleges Judge Gerst violated the Arizona Constitution because Judge Gerst did not take a judicial oath before the trial. Fierro relies on Article VI, Clause 3 of the United States Constitution and Article 2, Section 32 of the Arizona Constitution. Fierro reasons Judge Gerst's alleged omission entitles him to Rule 32 relief.

¶5        First, Fierro is precluded from raising this argument. *See* Ariz. R. Crim. P. 32.2(a)(2). In 2013, he unsuccessfully litigated the "oath of office" issue. *See* Notice of Post-Conviction Relief filed in the superior court on January 18, 2013.

---

[1] New rules governing post-conviction relief went into effect January 1, 2020. *See* Ariz. S. Ct. Order No. R-19-0012 (Aug. 29, 2019). Because Fierro's petition was filed and decided by the superior court before January 1, 2020, this court cites to the rule then in effect.

**¶6**        Second, Fierro waived this argument by not raising it before Judge Gerst at trial. At best, Fierro raised a procedural error. A procedural issue is untimely unless it is raised before or at trial. *In re Estate of de Escandon*, 215 Ariz. 247, 250-51, ¶ 12 (App. 2007). Fierro does not dispute Judge Gerst was constitutionally qualified to sit on the superior court. Instead, Fierro argues Judge Gerst's appointment was procedurally deficient. Because Fierro first raised this procedural issue in an untimely post-trial motion, he waived the argument. *See State v. White*, 160 Ariz. 24, 32 (1989).

**¶7**        Third, Fierro's argument fails on the merits because Judge Gerst had *de facto* authority. *See Rogers v. Frohmiller*, 59 Ariz. 513, 522 (1942). Arizona follows the "*de facto* officer doctrine," which applies to public officers whose appointments are legally deficient in some way. *See id.* This doctrine extends to judges who "occupy office under color of a known appointment that suffers a procedural defect or irregularity that is unknown to the public." *Escandon*, 215 Ariz. at 250, ¶ 10. The alleged deficiency does not nullify the appointment of the judge. *See id.* A judge still has *de facto* authority. *Id.* at 251, ¶ 12. Judge Gerst, therefore, had the authority to preside over Fierro's cases regardless of whether he signed the declaration.

**¶8**        For the reasons set forth above, this court grants review and denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA